# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| ERNESTO GALVEZ, #46617-008 | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| vs. | ) | CIVIL NO. 11-cv-334-DRH |
| | ) | |
| LISA J.W. HOLLINGSWORTH, | ) | |
| | ) | |
| Respondent. | ) | |

## ORDER

**HERNDON, Chief Judge:**

Petitioner, an inmate in the United States penitentiary in Marion, Illinois, brings this habeas corpus action pursuant to 28 U.S.C. § 2241. In this action, he seeks restoration of good conduct credit and expungement of a disciplinary ticket. For the reasons that follow, the Court orders the respondent to answer the petition.

The Court has adduced the following allegations from the petition and the documents attached thereto. On November 13, 2009, a correctional officer received information that petitioner was intoxicated. The officer went to petitioner's cell and administered a breathalyser test, which read 0.138%. The officer then escorted petitioner to a lieutenant's office, and administered a second breathalyser test, which read 0.000%. Believing that there was a mistake, the officer administered a third test, which read 0.042%. The officer recorded the first and third breathalyser tests, but did not record the second test, which he believed was faulty. There was an approximate span of fifteen minutes between the first and the third breathalyser

tests. Petitioner was written a disciplinary ticket for a violation of Code 222: making, possessing, or using intoxicants.

Petitioner attempted to appeal this ticket on February 24, 2010, but this appeal was returned to him because the disciplinary hearing officer (DHO) report had not yet been filed. Petitioner received a report from the DHO five months after the incident occurred, and learned that he had lost twenty-seven days of good time credit for the incident. Petitioner thereafter appealed the decision on June 9, 2010, arguing that he believed the breathalyser machine used was faulty, and he requested to see the maintenance log for the machine. This request was denied. Petitioner further argued that the second breathalyser tests, which read 0.000% should have been recorded, as it was policy to record *all* tests. If the second test had been recorded, it would have been more evidence that the breathalyser machine used to test petitioner was faulty. On January 4, 2011, petitioner learned that his appeal was denied. Thereafter, petition filed this petition under 28 U.S.C. § 2241.

Rule 4 of the Rules Governing Section 2254 Cases in United States District Courts provides that upon preliminary consideration by the district court judge, "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner." RULES GOVERNING § 2254 CASES IN THE U.S. DIST. COURTS R. 4 (2011). "If the petition is not dismissed, the judge must order the respondent to file an answer, motion, or other response within a fixed time, or to take other action the judge may order." R. 4. The answer must address the

allegations in the petition, state any defenses, and must also indicate what transcripts are available, when they can be furnished, and what proceedings have been recorded but not transcribed. RULES GOVERNING § 2254 CASES IN THE U.S. DIST. COURTS R. 5 (2011). The answer must also comply with the other requirements of Rule 5. See R. 5. Rule 1(b) of those Rules gives this Court the authority to apply the rules to other habeas corpus cases. RULES GOVERNING § 2254 CASES IN THE U.S. DIST. COURTS R. 1(b) (2011).

After carefully reviewing the petition in the present case, the Court **ORDERS** the respondent to file an answer, motion, or other response within twenty-three (23) days of receipt of this application for writ of habeas corpus.

Service upon the Illinois Attorney General, Criminal Appeals Bureau, 100 West Randolph, 12th Floor, Chicago, Illinois 60601 shall constitute sufficient service.

**IT IS FURTHER ORDERED** that pursuant to Local Rule 72.1(a)(2), this cause is referred to a United States Magistrate Judge for further pre-trial proceedings.

**IT IS FURTHER ORDERED** that this entire matter be **REFERRED** to a United States Magistrate Judge for disposition, as contemplated by Local Rule 72.2(b)(2) and 28 U.S.C. § 636(c), *should all the parties consent to such a referral.*

Petitioner is **ADVISED** of his continuing obligation to keep the Clerk and each opposing party informed of any change in his whereabouts during the pendency of this action. This notification shall be done in writing and not later than seven (7) days after a transfer or other change in address occurs. Failure to provide such

notice may result in dismissal of this action.  See FED.R.CIV.P. 41(b).

**IT IS SO ORDERED.**

**DATED:** April 26, 2011

Digitally signed by David R. Herndon
Date: 2011.04.26 17:28:21 -05'00'

**Chief Judge**
**United States District Court**